# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY TORALBA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>G. GIURBINO,<br><br>　　　　　Respondent.　　　　　　／ | CV F   06-00967 OWW DLB HC<br><br>ORDER DIRECTING RESPONDENT TO SUBMIT SUPPLEMENTAL BRIEFING |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on June 27, 2006, in the United States District Court for the Southern District of California.  By order of July 17, 2006, the petition was transferred to this Court, and filed on July 25, 2006.  Respondent filed an answer to the petition on November 21, 2006.  (Court Doc. 9.)  Petitioner has not filed a traverse.

　　　　Petitioner raises the single claim that the trial violated his Sixth and Fourteenth Amendment rights by summarily denying his Batson/Wheeler motion without affording him the opportunity to state a prima facie case, and failed to inquire into the prosecutor's explanation for the dismissal of one of the prospective jurors. (Petition, at 6.)

　　　　Evaluation of allegedly discriminatory peremptory challenges to potential jurors in federal and state trials is governed by the standard established by the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 89 (1986).  In Batson, the United States Supreme

Court set out a three-step process in the trial court to determine whether a peremptory challenge is race-based in violation of the Equal Protection Clause. Purkett v. Elem, 514 U.S. 765, 767, 115 S.Ct. 1769 (1995). First, the defendant must make a *prima facie* showing that the prosecutor has exercised a peremptory challenge on the basis of race. Id. That is, the defendant must demonstrate that the facts and circumstances of the case "raise an inference" that the prosecution has excluded venire members from the petit jury on account of their race. Id.

If a defendant makes this showing, the burden then shifts to the prosecution to provide a race-neutral explanation for its challenge. Id. At this step, "the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." Hernandez v. New York, 500 U.S. 352, 360, 111 S.Ct. 1859 (1991). Finally, the trial court must determine if the defendant has proven purposeful discrimination.

"When there is reason to believe that there is a racial motivation for the challenge, neither the trial courts nor we are bound to accept at face value a list of neutral reasons that are either unsupported in the record or refuted by it." Johnson v. Vasquez, 3 F.3d 1327, 1331 (9th Cir. 1993). The court must consider the record as a whole and each explanation in order to determine whether an invidious discriminatory purpose may be inferred from the totality of the relevant facts of the case. Kesser v. Cambra, 465 F.3d 351, 360 (9th Cir. 2006) (citing Hernandez, 500 U.S. at 363.)

In Kesser v. Cambra, the Ninth Circuit applied the comparative juror analysis as done by the Supreme Court in Miller-El, 545 U.S. 231 (2005), rejecting the notion that the court should not engage in comparative analysis for the first time on appeal. 465 F.3d at 360-361.

In light of the Ninth Circuit's recent holding in Kesser, the Court finds it necessary for Respondent to submit a supplemental brief addressing its impact, if any, on Petitioner's Batson claim.

Accordingly, it is HEREBY ORDERED that:

1. Within **THIRTY (30)** days from the date of service of this order, Respondent shall submit supplemental briefing; and

2.     Within **TWENTY (20)** days from the date Respondent files its supplemental briefing, Petitioner may file a supplemental response.

IT IS SO ORDERED.

**Dated:     January 3, 2008**                             /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE